**Frederick BITTNER, Jr., Plaintiff**

v.

**Fred J. HUTTGER and Anna Huttger, Defendants.**

**No. 81 Civ. 914(MEL).**

United States District Court, S.D. New York.

Oct. 6, 1981.

States; . . . .

Frederick Bittner, Jr., pro se.

Gary R. Goldman, Rogers, Ferraro & Cody, Pomona, N.Y., for defendants.

### ENDORSEMENT

LASKER, District Judge.

In this action, plaintiff, Frederick Bittner ("Bittner") seeks to set aside and vacate a judgment of the Superior Court of New Jersey, Chancery Division, directing him to convey certain land to defendants, Fred and Anna Huttger ("Huttger"). Huttger, claiming that the matter is *res judicata*, moves for summary judgment.

 Bittner argues that the doctrine of *res judicata* is inapplicable because New Jersey did not have jurisdiction over him and because the judgment was obtained fraudulently. However, Bittner concedes that he contested jurisdiction in the New Jersey proceeding, (Bittner Affidavit ¶ 14) and that on his motion to dismiss for lack of jurisdiction and insufficiency of service of process, the New Jersey court held that, by litigating a counterclaim, he had waived all jurisdictional objections. *Huttger v. Bittner,* No. C 3769–77 (Ch. Div. Nov. 20, 1978) (Order Denying Defendant's Motion to Dis-

miss). *Res judicata* precludes relitigation of that determination. Bittner's contentions that the New Jersey judgment was obtained by fraud, which are based on alleged defects in service of process, were also adjudicated in New Jersey. Service was held to have been proper. *Id.*

 Bittner also argues that the New Jersey judgment is not binding here because it could be set aside in New Jersey. However, the possibility that a New Jersey court would have discretion to reopen the judgment does not mean it is not final for the purposes of *res judicata.* If New Jersey does allow judgments to be reopened in these circumstances, the proper forum for this action is New Jersey, not here. Moreover, Bittner has offered no reasons why the discretion of this court should be exercised in favor of permitting relitigation here. At no point in either his complaint or his memorandum of law does Bittner argue that the decision was incorrect on the merits. The judgment has been reviewed and affirmed in New Jersey, *Huttger v. Bittner,* No. A–4052–78 (Super.Ct.App.Div. Oct. 16, 1980).

Bittner's other objections are without merit. He asserts that the copies of the New Jersey judgment submitted by Huttger are not properly authenticated, yet he does not dispute their authenticity. His contention that dismissal is inappropriate because Huttger has failed to cooperate as to discovery is inapt: no discovery is necessary for the proper disposition of this motion.[1]

Defendants' motion for summary judgment is granted. The complaint is dismissed.

It is so ordered.

---

1. In view of the obvious propriety of granting summary judgment, it is unnecessary to dispose of Huttger's contention that jurisdiction is improper.