829 F.2d 1127
 RICO Bus.Disp.Guide 6760
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William J. WUNDERLE d/b/a HPC Company, Plaintiff-Appellant,
v.
The CENTRAL TRUST COMPANY OF N.E. OHIO, N.A. Defendant-Appellee.
 No. 85-3700
 United States Court of Appeals, Sixth Circuit.
 September 25, 1987.
 
 Before BOYCE F. MARTIN, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, plaintiff-appellant William Wunderle appeals pro se from the district court's dismissal of his breach of contract action. The district court granted summary judgment to defendant-appellee, The Central Trust Company of N.E. Ohio, N.A., on the basis of res judicata.
 
 
 2
 In April, 1984, William Wunderle, filed his action in the Common Pleas Court of Stark County, Ohio. That complaint alleged breach of contract (unlawful consideration) and referred to a July, 1983 loan made by defendant--The Central Trust Company of N.E. Ohio--to plaintiff. Defendant filed a motion for summary judgment and attached a certificate of service to the motion. Plaintiff--Wunderle did not respond and the state court granted the motion. Wunderle then filed a motion to vacate the judgment for fraud upon the court. The state court overruled that motion. On appeal to the Ohio Court of Appeals, the lower state court's judgment was affirmed. Plaintiff did not seek review by the Ohio Supreme Court.
 
 
 3
 In March, 1985 Wunderle filed the instant sic-count action in federal court. He based it on the same underlying transaction. Counts one and two claimed violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1962(c) (1982). The basis of these counts was Central Trust's practice of charging Wunderele more than the prime interest rate and Central Trust's method of computing interest. Counts 3 and 4 claimed that these acts violated the National Bank Act, 12 U.S.C. Secs. 85, 86 (1982). Counts 5 and 6 claimed that these acts were breaches of contract. In lieu of filing an answer to the federal complaint, defendant Central Trust filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the basis of res judicata. The district court held that res judicata bars this action. Plaintiff appeals from the district court's decision. For the reasons set forth below, we affirm.
 
 I.
 
 4
 This court held in Windsor v. The Tennessean, 719 F.2d 155 (6th Cir. 1983) that the standard of review 'when evaluating a motion to dismiss brought pursuant to rule 12(b)(6), [is to regard] the factual allegations in the complaint . . . as true.' Id. at 158 (quoting Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, (1965)). The curt went on to say that '[t]he claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). Using this standard we agree with the district court's decision to dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(6). The question of whether The Central Trust Company of Northeastern Ohio, N.A. violated the National Bank Act Secs. 85, 86 or breached any contract with petitioner-plaintiff William J. Wunderle was fully litigated in state court. Under the doctrine of res judicata, 'a final judgment on the merits of an action precludes that parties or their privies from relitigating issues that were or could have been raised in that action.' Allen v. McCurry, 449 U.S. 90, 94 (1980). In the instant case, it is uncontested that the parties to both suits are the same. It also is clear that a summary judgment in state court is a judgment on the merits. The only question that remains is whether the claims made in the federal complaint were or could have and should have been made in the state court action.
 
 
 5
 This is a two-part inquiry. First it must be determined whether the federal claims are part of the same 'cause of action' as those claims reduced to judgment in state court. Second, it must be determined whether all the claims could have been brought in the state court. With respect to the first issue, it is well-established that 'cause of action' is defined on a transactional basis. See 18 Wright, Miller & Cooper, Federal Practice and Procedure Sec. 4407 (1981). Clearly, in the instant case, all plaintiff's claims arise out of the same transaction or cause of action. The crucial question then is, whether all of the claims could have been brought in the state court.
 
 
 6
 In as much as the Court of Common Pleas is Ohio's court of general jurisdiction, it is plain that the common law contract claims made in the federal claim's fifth and sixth count could have been brought in the first suit. In general, state courts have concurrent jurisdiction over claims brought under the National Bank Act. See Citizens and Southern Nat. Bank v. Bougas, 434 U.S. 35, 98 S. Ct. 88 (1977). Accordingly, counts three and four of the federal complaint could also have been brought in the first action. Furthermore, we have approved the procedure of raising the affirmative defense of res adjudicata in a motion for summary judgment. See Francis H. Fisher, Inc. v. Midwesco Enterprises, Inc., 477 F. Supp. 169 (S.D. Ohio 1979), aff'd mem., 657 F.2d 267 (6th Cir. 1981). See also Wright & Miller, Federal Practice and Procedure: Civil Sec. 1277 (1969 & Supp. 1986). Where, as here, the facts alleged to support plaintiff's claim of fraud were available to him at the time his state court suit was filed, and were involved in the state court claim actually made, res adjudicata bars relitigation of that claim of fraud asserted for the first time in the subsequent federal litigation. See Brick Processors, Inc. v. Culbertson, 2 Ohio App. 3d 478, 442 N.E.2d 1313 (Cuyohoga Co. 1981); Bittner v. Huttger, 550 F. Supp. 9, 10 (S.D.N.Y. 1981), aff'd mem., 697 F.2d 288 (2d Cir. 1982).
 
 
 7
 Wunderle also claims that Central Trust violated RICO because Central Trust fraudulently presented its method of computing interest and thereby charged him more than the prime interest rate. Wunderle does not explain how this fraud was accomplished, he merely indicated that the fact that he paid higher than the prime is evidence that a fraud has occurred. It is not. In Blount Financial Service v. Walter E. Heller & Co. No. 86-5342 slip op. (6th Cir. May 27, 1987) a panel of this court (Judges Merritt, Nelson, Contie) decided a similar issue. The court said, 'the fact that the defendant charged too high a 'prime rate' and thereby concealed or refused to disclose what the plaintiff considers the true prime rate called for under the contract, does not give rise to a valid claim for fraud.' Slip op. at 2. In light of Blount and in accordance with the doctrine of res judicata the judgment of the district court is AFFIRMED.