OPINION
This appeal is taken by Plaintiff/Appellant Karen Sue Cassie from the judgment entered by the Court of Common Pleas of Allen County issued on November 10, 1999 granting summary judgment and denying her Civ.R. 60(B) relief pursuant to the reversal issued on appeal by this Court.[1]
On January 6, 1999, Appellant filed a three-count complaint in the Allen County Court of Common Pleas against Appellee, Richard G. Cassie her brother-in-law, alleging breach of fiduciary duties, fraud, and breach of contract. All three claims are rooted in Appellant's investment in a limited partnership known as Gahanna Commons Limited Partnership. Appellant alleged in her complaint that Appellee acted as her financial advisor upon her husband's death but misrepresented several aspects of the limited partnership.
On April 29, 1999, Appellee filed a motion for summary judgment on all three claims, and attached documents purporting to show that appellee was aware of both appellant's role in the partnership and the risks of investing in the partnership. Appellant failed to respond to the summary judgment motion. On June 3, 1999, the trial court granted summary judgment in favor of appellee, based on the lack of any disputed issue of fact and also because Appellant's claims were time-barred.
On June 4, 1999, the following day, Appellant filed a Civ.R. 60(B) motion for relief from judgment. In the motion Appellant's counsel asserted that he was vacationing out of state at the time Appellee's motion for summary judgment was filed, and that his secretary was on vacation during the time that the motion was pending. Appellant's counsel also asserted that discovery was not complete at the time appellant's motion was filed "making it impossible for Plaintiff's counsel to adequately and thoroughly respond to Defendant's motion for summary judgment." Finally, Appellant's counsel stated that a motion for continuance requesting additional time to respond to the summary judgment motion had been prepared, but not yet filed, on the date that the trial court granted summary judgment. Appellant's counsel filed the motion for continuance along with the Civ.R. 60(B) motion.
Later that day the trial court apparently had an ex parte discussion with appellee's counsel to discuss the Civ.R. 60(B) motion, and on June 8, the trial court informed Appellee that it was granting the motion. Appellee objected and the Court agreed to refrain from granting the motion until Appellee had filed a memorandum in opposition. After Appellee filed the memorandum in opposition the court granted the Civ.R. 60(B) motion and motion for continuance, vacated its June 3, 1999 order granting summary judgment to Appellee and ordered Appellant to file a response to the original motion for summary judgment by July 1, 1999.
On June 29, 1999, Appellee filed notice appealing the trial court's judgment granting the Civ.R. 60(B) relief asserting two assignments of error. This court sustained Appellee's second assignment on the grounds that Appellant's claims were barred by the statute of limitations and reversed the decision of the trial court granting Civ.R. 60(B) relief from judgment.
This court based its reversal on the failure of Appellant to address or even mention the applicable statutes of limitations cited by Appellee's motion for summary judgment in her Civ.R.60(B) motion for relief from judgment and thus, we found that the trial court "arbitrarily reversed its judgment as to the statute of limitations issue without explanation or any apparent basis."Cassie v. Cassie (Oct. 21, 1999), Allen County App. No. 1-99-60, unreported.
On November 10, 1999, after reversal of its prior judgment the Trial court entered a new judgment in accord with Court of Appeals mandate concerning Appellant's original motion for relief pursuant to Civ.R. 60(B). It stated in pertinent part:
 "The Court of Appeals reversed this Court's decision granting Civ.R. 60(B) relief to plaintiff. Therefore, this Court's previous judgment entry, date June 3, 1999, granting summary judgment to the defendant should be reinstated. Defendant demonstrated that plaintiff's claims are time-barred by the applicable statute of limitations."
On December 2, 1999, Appellant filed another motion for relief from judgment pursuant to Civ.R. 60(B) and further filed a motion to supplement the record. In its filing in support of the motion Appellant urged the trial court that "the Third District Court of Appeals did reverse the trial court decision granting Plaintiff's motion for relief from judgment, but the Appellate Court did not enter final judgment, instead remanding for further proceedings in accordance with this opinion" and that the trial court should allow the Appellant to supplement the record so that she may be able to show her meritorious defense.
The court denied the second motion for relief from judgment pursuant to Civ.R. 60(B). In its judgment entry dated December 9, 1999, it stated in part:
 "In the instant case, the original summary judgment, reversal on appeal and subsequent summary judgment on remand, were all based, at least in part, on the fact that defendant demonstrated that plaintiff's claims were barred under the applicable statute of limitations. During the proceedings up to this point, the `record has contained no evidence or even an allegation which could be construed to rebut [defendant's] statute of limitations arguments.' (citation omitted)
 The court finds that the second Motion for relief now before it, and the affidavits attached in support thereof, still contain no factual allegation or evidence to rebut the statute of limitations defense."
The Appellant filed a notice of appeal to this court not from the judgment outlined above but from the judgment entered on November 10, 1999. On March 30, 2000, after the briefs and the record were filed the Appellant realizing her error filed a motion for leave to file an amended notice of appeal. On April 3, 2000, Appellee filed a memorandum in opposition to the Appellant's motion for leave to file an amended notice of appeal and asked the court to dismiss the appeal. On appeal from that amended notice Appellant makes the following assignment of error:
 The trial court erred in denying relief from judgment when a material issue of fact exists as to when the statute of limitations began to accrue.
Initially, Appellee asks this court to dismiss the appeal on the grounds that it is barred by res judicata. He argues that "[u]nder the principle of res judicata, a party who has once been denied relief from judgment may not thereafter obtain such relief by filing another motion based upon grounds which were or could have been raised in the prior motion." In support of his motion he relies on Brick Processors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478, wherein the court stated at paragraph one of the syllabus:
 "When a motion to vacate or for relief from judgment has been denied, principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally."
However, the Supreme Court of Ohio has held that " res judicatadoes not bar a subsequent motion for relief from judgment whenthe subsequent motion is based on different facts, assertsdifferent grounds for relief, and `it is not certain that * * *[the] issue `could have been raised'(citation omitted) in theprior motions'(citation omitted". Coulson v. Coulson (1983) 5 Ohio St.3d 12,15.
The record reveals that the original motion for relief from judgment filed by the Appellant stated three separate grounds for relief none of which were contained in her second motion for relief. In the first motion Appellant's counsel asserted that he was vacationing out of state at the time Appellee's motion for summary judgment was filed, and that his secretary was on vacation during the time that the motion was pending. Appellant's counsel also asserted that discovery was not complete at the time appellant's motion was filed "making it impossible for Plaintiff's counsel to adequately and thoroughly respond to Defendant's motion for summary judgment." Finally Appellant's counsel stated that a motion for continuance requesting additional time to respond to the summary judgment motion had been prepared, but not yet filed, on the date that the trial court granted summary judgment.
In the second motion for relief from judgment filed by Appellant, stated that she would indeed be able to show a meritorious defense to the claim that the Statute of Limitations had run. The issue of the running of the statute of limitations had not been mentioned in the previous Civ.R.60(B) motion made by Appellant. Moreover, Appellant attached additional affidavits and evidentiary materials.
However, the third prong of the test outlined above requires that "it is not certain that [the] issue `could have been raised'(citation omitted) in prior motions." Coulson at 15. The record before this court on appeal plainly shows that Appellant was aware that the motion for summary judgment filed by Appellee and granted by the trial court was based in part on the running of the applicable statute of limitations. As a result, when Appellant filed her initial Civ.R. 60(B) motion for relief from judgment it is "certain" that the issue "could have been raised". Therefore the second and subsequent motion made by Appellant pursuant to Civ.R.60(B) is barred by res judicata.
Thus the motion to file an amended notice of appeal is not welltaken and the appeal is dismissed as untimely.
 Appeal dismissed.
 ______________________________ BRYANT, PRESIDING JUDGE
 SHAW and WALTERS, JJ., concur.
[1] Appellant has filed a motion for leave to amend her Notice of Appeal to indicate that the appeal is taken from the December 12, 1999 judgment denying her original Civ.R. 60(B) motion. Appellee filed a motion in opposition to the amendment and requested a dismissal. This issue together with Appellee's pending motion to dismiss will be addressed in its entirety in the opinion.