OPINION
Defendant-appellant Willie C. Young appeals from the denial of his motion for relief from judgment, filed pursuant to Civ.R. 60(B)(4) and (5). We agree with the State that Young's motion was barred by resjudicata, since it was identical to a motion that had previously been made and denied. Accordingly, the judgment of the trial court isAffirmed.
 I
In 1991, Young was indicted on one count of Murder, and two counts of Felonious Assault. In 1992, Young entered into a plea bargain wherein he pled guilty to one count of Voluntary Manslaughter and two counts of Aggravated Assault. The trial court accepted his plea, and sentenced him accordingly.
Young made several motions for relief in his criminal case, all of which were unsuccessful. None of these is material to this appeal.
Young filed this action against the Ohio Adult Parole Authority and Michael Foley, a Greene County assistant prosecutor, on September 19, 2000. The trial court dismissed his complaint because it failed to comply with R.C. 2969.25(C), which imposes certain procedural requirements for civil actions brought by prisoners.
Young filed a motion for reconsideration from the dismissal of his complaint. The trial court disposed of Young's motion for reconsideration by entry filed December 18, 2000. In that entry, the trial court denied Young's motion for reconsideration, but did indicate that it had intended for its earlier order dismissing his complaint for declaratory judgment to have been without prejudice, and therefore not to have constituted a final appealable order. Young appealed from the trial court's order of December 18, 2000. This court dismissed his appeal, concluding that the trial court was without authority to modify the character of its initial dismissal of Young's complaint by changing it from being a dismissal with prejudice to a dismissal without prejudice. Accordingly, we concluded that Young had failed to perfect a timely appeal from the dismissal of his complaint.
On May 15, 2001, Young filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(4) and (5), in which he sought relief from the order of the trial court dismissing his complaint for declaratory judgment. This motion was denied.
On July 2, 2001, Young filed the identical motion for relief from the dismissal of his complaint for declaratory judgment. We have reviewed the two motions for relief from judgment that Young filed, one on May 15, 2001, and one on July 2, 2001, and they appear to be word-for-word the same.
Young's motion for relief from judgment filed on July 2, 2001, was denied by entry filed July 5, 2001. Young did not appeal from the denial of his earlier motion for relief from judgment, but has appealed from the denial of his subsequent motion for relief from judgment.
 II
We take what we infer to be Young's sole assignment of error from his "Summary of Arguments" in his brief, as follows:
 THE COMMON PLEAS COURT OF GREENE COUNTY, OHIO ACTED WITH PREJUDICE IN DENYING PLAINTIFF-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. [60] [B], WITHOUT A FINDING OF THE FACTS AND A CONCLUSION OF THE LAW ON JULY 5, 2001, WHEN THAT COURT IS EMPOWER [SIC] WITH THE AUTHORITY AND JURISDICTION AS A MATTER OF LAW, TO GRANT SUCH RELIEF.
We agree with the State that Young's second, identical motion for relief from judgment, filed July 2, 2001, was properly denied by the trial court, because it was barred by the doctrine of res judicata. This is a civil action brought by Young against the Ohio Adult Parole Authority and Michael Foley, a Greene County assistant prosecutor. If the trial court erred in denying Young's earlier motion for relief from judgment, his remedy was to take an appeal from that order. He did not. He could not properly resurrect the issues raised in his motion for relief from judgment filed in May, 2001, which had been adjudicated and concluded, by filing an identical motion for relief from judgment in July, 2001.
It has even been held that the doctrine of res judicata bars a second motion for relief from judgment when the issues raised therein could have been raised in a prior motion for relief from judgment. BrickProcessors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478; McCann v.Lakewood (1994), 95 Ohio App.3d 226, at 236-237. Obviously, then, a second motion for relief from judgment is barred by res judicata, when it is word-for-word identical to an earlier motion for relief from judgment that has been denied on the merits.
Because Young's motion for relief from judgment was barred by resjudicata, the trial court properly denied it. Young's sole assignment of error is overruled.
 III
Young's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and POWELL, JJ., concur.
(Honorable Stephen W. Powell of the Court of Appeals, Twelfth Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)