[Cite as *State v. Solnick*, 2014-Ohio-2535.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100541**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAUL SOLNICK

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-96-342709-A and CR-97-355818-A

**BEFORE:** Blackmon, J., Rocco, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 12, 2014

**FOR APPELLANT**

Paul D. Solnick, pro se
Inmate No. 365-320
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   James Price
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}    Appellant, Paul Solnick ("Solnick"), pro se, appeals the trial court's denial of his motion to withdraw his guilty pleas and assigns the following errors for our review:

I. The trial court abused its discretion and/or committed plain error and/or structural error by the denial of Mr. Solnick's motion to withdraw his guilty plea, that was improperly induced by the trial court's Senate Bill 2 colloquy regarding the penalties when he was actually subject to House Bill 261 penalties, *State v. Rush*, (1998), 83 Ohio St.3d 53, 697 N.E.2d 634, at syllabus 2, rendering his guilty plea "void" in violation of the Ohio and United States Constitutions.

II. The trial court abused its discretion and/or committed plain error and/or structural error by the denial of Mr. Solnick's motion to withdraw his guilty plea, that was improperly induced by the trial court's improper notification that he was subject to judicial release under Senate Bill 2, R.C. trial court abused its discretion and/or committed plain error and/or structural error by the denial of Mr. Solnick's motion to withdraw his guilty plea, that was improperly induced by the trial court's § 2929.20 when in fact this is not applicable to pre-Senate Bill 2 offenders rendering his guilty plea "void" *State v. Loyd*, 2011-Ohio-2964 (6th Dist.), in violation of the Ohio and United States Constitutions.

III. The appellant was denied the effective assistance of trial counsel by counsel's failure and/or refusal to object to the improper notification of the Senate Bill 2 colloquy when the defendant was a pre-Senate Bill 2 offender and eligibility for judicial release that is only applicable to Senate Bill 2 offenders, in violation of the Ohio and United States Constitutions.

{¶2}    Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

{¶3}    On July 13, 1998, Solnick pleaded guilty in three separate cases.   In Cuyahoga C.P. No. CR-96-339602-A, Solnick pleaded guilty to one count of arson; in Cuyahoga C.P. No. CR-96-342709-A, one count of aggravated burglary with a firearm

specification attached; and in Cuyahoga C.P. No. CR-97-355818-A, one count of aggravated burglary and two counts of aggravated robbery with a firearm specification attached.

{¶4} On September 14, 1998, the trial court sentenced Solnick to 18 months in Cuyahoga C.P. No. CR-96-339602-A. Solnick's conviction and sentence in this case is not part of the instant appeal. The trial court also sentenced Solnick to 10 to 25 years in Cuyahoga C.P. No. CR-96-342709-A. In addition, in Cuyahoga C.P. No. CR-97-355818-A, the trial court sentenced Solnick to concurrent prison terms of 10 to 25 years, plus the three-year firearm specification attached to each count. The trial court ordered the sentence imposed in Cuyahoga C.P. No. CR-97-355818-A to be served consecutively to the sentence imposed in Cuyahoga C.P. No. CR-96-342709-A.

{¶5} In May 1999, we granted Solnick's motion for a delayed appeal, motion to represent himself, and unsealed portions of the transcript were forwarded to this court. In November 1999, we also granted Solnick's motion to have the transcripts provided to him in prison.

{¶6} When Solnick discovered that only the unsealed portion of the transcripts had been filed for purposes of the appeal, he filed motions to unseal both in this court and in the trial court. We denied his motion, and while the motion was pending in the trial court, Solnick filed a motion for extension of time to file his appellate brief. We granted Solnick an extension to February 22, 2000. In the meantime, the trial court granted Solnick's motion to unseal the transcript.

**{¶7}** Thereafter, Solnick failed to file his appellate brief, and we dismissed his appeal. Solnick then appealed to the Ohio Supreme Court and claimed that our decision dismissing the appeal infringed upon his right to due process and to meaningful access to the courts. The Ohio Supreme Court denied jurisdiction and dismissed the appeal.

**{¶8}** In March 2005, Solnick filed a motion to suspend further execution of sentence, and the trial court denied the motion.

**{¶9}** On April 15, 2013, Solnick applied for judicial release, but the Cuyahoga County Re-Entry Court found him ineligible. On August 22, 2013, Solnick filed a motion to withdraw his guilty pleas on the grounds that the trial court induced him to plead guilty by providing inaccurate information regarding the possibility of judicial release. On October 21, 2013, the trial court denied the motion, and Solnick now appeals.

### Withdrawal of Guilty Plea

**{¶10}** Because of their common basis in fact and law, we will address the assigned errors together. Solnick argues the trial court should have granted his motion to withdraw his pleas because it inaccurately informed him about the sentencing laws, inaccurately informed him about judicial release, and his trial counsel stood by without objecting to the trial court's inaccuracies.

**{¶11}** Preliminarily, we note, Solnick's assigned errors are not accompanied by references to the places in the record where each claimed error is reflected. Pursuant to App.R. 16, an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of the contentions,

with citations to the authorities, statutes, and parts of the record upon which he or she relies. App.R. 16(A)(7); *Roberts v. Hutton*, 152 Ohio App.3d 412, 417-418, 2003-Ohio-1650, 787 N.E.2d 1267 (3d Dist.2003).

{¶12} An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority or reason in support of an argument as required by App.R. 16(A)(7). *State v. Benjamin*, 8th Dist. Cuyahoga No. 87872, 2007-Ohio-84, citing *Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 169, 658 N.E.2d 1109 (3d Dist.1995).

{¶13} Solnick, who appears pro se, has only minimally complied with App.R. 16 in form and barely in substance. Solnick's allegations range from the inaccurate information about sentencing laws and judicial release to the ineffective assistance of counsel. However, Solnick's allegations are not easily decipherable and are not supported by specific reference to the record. In fact, Solnick filed only six pages of the 83-page transcript.

{¶14} First, Solnick argues the trial court should have granted his motion to withdraw his guilty pleas, because it improperly informed him about the incorrect sentencing law, specifically Senate Bill 2.

{¶15} A postsentence motion to withdraw a guilty plea is governed by the "manifest injustice" standard. Crim.R. 32.1. A manifest injustice has been defined as a "clear or openly unjust act," *State v. Conner*, 8th Dist. Cuyahoga No. 98084, 2012-Ohio-3579, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1988), meaning

that a postsentence withdrawal motion to withdraw a guilty plea is allowable only in extraordinary cases. *Id.*, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶16} Here, patently absent from the record on appeal is any reference to support this claim. In its brief, the state points out that there are discussions regarding Senate Bill 2 contained in the pages missing from Solnick's submissions and maintains the trial court sentenced Solnick under the correct law. Our review of pre-Senate Bill 2 guidelines indicates that Solnick's sentences are consistent with those guidelines. Consequently, Solnick's present assertion is without merit.

{¶17} Second, Solnick argues the trial court inaccurately informed him about judicial release. However, the six pages from the 83-page transcript reveals that the trial court accurately informed Solnick that he would not be eligible for judicial release prior to five years, that it could be denied without a hearing, and that there is a presumption against granting judicial release to individuals convicted of first or second degree felonies. Tr. 22.

{¶18} Defense counsel underscored the trial court's pronouncement and stated: "You cannot get out for judicial release for at least five years. You have got to do six mandatory and there is a presumption against you getting it." Tr. 22. Solnick indicated that he understood and then proceeded to enter his guilty pleas. Consequently, Solnick's present assertion is without merit.

{¶19} Third, Solnick argues defense counsel was ineffective for not objecting to the inaccuracies and misinformation.

{¶20} In order to establish that the assistance of counsel was ineffective, a defendant must show (1) deficient performance by his or her counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for the counsel's errors, the proceedings' outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶21} As discussed above, the trial court sentenced Solnick under the appropriate guidelines and accurately discussed judicial release. Thus, his present assertions that defense counsel stood by without objecting are without merit.

{¶22} Further, under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶23} Here, although we granted Solnick's motion for a delayed appeal and granted him an extension to file his appellate brief, he failed to do so, resulting in the dismissal of his appeal. Solnick's present assertion that defense counsel was ineffective could have been raised in his direct appeal and is now barred under the doctrine of res judicata.

**{¶24}** Consequently, we find no merit to Solnick's assertions. Accordingly, we overrule all three assigned errors.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
TIM McCORMACK, J., CONCUR