[Cite as *Deutsche Bank Natl. Trust Co. v. Jackson*, 2014-Ohio-4215.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100937**

# DEUTSCHE BANK NATIONAL TRUST COMPANY

PLAINTIFF-APPELLEE

vs.

# GAIL JACKSON, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-761700

**BEFORE:** Stewart, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**FOR APPELLANT**

Gail Jackson, pro se
3171 E. Derbyshire Road
Cleveland Heights, OH    44118


**ATTORNEYS FOR APPELLEE**

Manbir S. Sandhu
Law Office of Manbir S. Sandhu, L.L.C.
1370 Ontario Street, Suite 600
Cleveland, OH    44113

James S. Wertheim
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard, Suite 406
Cleveland, OH    44122



MELODY J. STEWART, J.:

{¶1} In November 2011, the court granted judgment by default on a promissory note to plaintiff-appellee Deutsche Bank National Trust Company (the "bank") and against defendant-appellant Gail Jackson.  Subsequent bankruptcy stays delayed the sale of the property until the court issued an order of sale in November 2012.

{¶2} In January 2013, Jackson filed a "common law" motion to vacate the default judgment on grounds that the bank did not properly establish standing by presenting a perfected mortgage instrument.   The court denied the motion, finding that Jackson lacked standing to challenge the means by which the bank obtained the promissory note

and mortgage and, in any event, failed to offer evidence to show that the bank fraudulently obtained the promissory note and mortgage. Jackson appealed from that judgment, but we dismissed her appeal for failure to file a brief.

{¶3} In November 2013, Jackson filed a second "common law" motion to vacate the judgment. The court denied the second motion for the same reasons as it did the first motion, but additionally noted that Jackson failed to raise standing as an affirmative defense and thus waived the right to raise it. On appeal from that judgment, Jackson complains that the court erred by ruling that the bank established proper standing to sue on the promissory note.

{¶4} In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the Ohio Supreme Court held that standing in a foreclosure action is required to invoke the jurisdiction of the common pleas court, and therefore standing is to be determined as of the filing of the complaint. It is important to understand that a plaintiff's lack of standing does deprive a court of subject matter jurisdiction. The "subject matter" of this case — breach of contract and foreclosure — are legal issues that are unquestionably within the subject matter jurisdiction of a court of common pleas. A plaintiff's standing to bring a case is not determined by the subject matter of the case, but by reference to the personal stake the plaintiff is alleged to have in the outcome of the controversy. *Clifton v. Blanchester*, 131 Ohio St.3d 287, 2012-Ohio-780, 964 N.E.2d 414, ¶ 15. Standing and subject matter jurisdiction are not the same: a plaintiff can have standing to bring a claim but fail to invoke the subject

matter jurisdiction of the court; a court may have subject matter jurisdiction over a controversy but the plaintiff can lack standing to seek relief. It is only when the court lacks subject matter jurisdiction that any judgment it renders is void; a lack of standing renders a judgment voidable. *Wells Fargo Bank, N.A. v. Perkins*, 10th Dist. Franklin No. 13AP-318, 2014-Ohio-1459, ¶ 12.

{¶5} The voidable nature of a judgment rendered for a party who lacks standing is underscored by Ohio Supreme Court precedent treating standing as waiveable. In *ProgressOhio.Org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, the court held that a party waived a claim of standing by failing to raise it in the court of appeals. *Id*. at ¶ 16, citing *State ex rel. E. Cleveland Fire Fighters' Assn., Loc. 500, Internatl. Assn. of Fire Fighters v. Jenkins*, 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, ¶ 12. If a challenge to standing can be waived by the failure to raise it, standing cannot by definition be akin to subject matter jurisdiction, the lack of which can be raised at any time.

{¶6} Our conclusion that a lack of standing renders a judgment voidable informs our consideration of the bank's argument that Jackson's claims are barred by res judicata. "Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 14, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. A "void" judgment

is a not a "valid" judgment, so it can never be res judicata. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. Because issues of standing render a judgment voidable, we reject Jackson's argument that she can repeatedly seek vacation of the default judgment. *See Bank of New York Mellon v. Hutchins*, 8th Dist. Cuyahoga No. 100435, 2014-Ohio-2765, ¶ 10.

{¶7} Jackson had the opportunity to raise the issue of standing in an earlier appeal to this court. That appeal was dismissed for failure to file a brief, *see Deutsche Bank Natl. Trust Co. v. Jackson*, 8th Dist. Cuyahoga No. 99873 (Sept. 5, 2013), so the issue of standing became res judicata. *See State v. Solnick*, 8th Dist. Cuyahoga No. 100541, 2014-Ohio-2535, ¶ 23. For us to hold otherwise would transform a voidable judgment that must be immediately appealed into a judgment that can be attacked at anytime. This court has rejected that assertion. *See Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 16; *Chem. Bank, N.A. v. Krawczyk*, 8th Dist. Cuyahoga No. 98263, 2013-Ohio-3614, ¶ 29.

{¶8} It follows that the court did not err by refusing to grant Jackson relief from the default judgment. The assigned errors are overruled.

{¶9} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR