BRICK PROCESSORS, INC., ET AL.,
APPELLEES, *v.* CULBERTSON,
APPELLANT.

(No. 43363—Decided November 12, 1981.)

*Mr. Nicholas E. Phillips,* for appellees.

*Mr. Ronald R. Rinner,* for appellant.

DAY, J. This case is an appeal by defendant-appellant Ray E. Culbertson from the denial of a motion for relief from judgment by the Cuyahoga County Common Pleas Court. For the reasons adduced below the judgment is affirmed.

I

Plaintiffs-appellees, Brick Processors, Inc., Robert L. Miles, and Scott Miles (plaintiffs), filed a complaint in Cuyahoga County Common Pleas Court on September 19, 1979, against defendant-appellant Ray E. Culbertson (defendant) seeking (a) an ex parte temporary restraining order without bond —

"restraining the Defendant, RAY E. CULBERSTON [*sic*], (1) from interferring [*sic*] in any way with the day to day operation of the Corporation; (2) from ac-ting and holding himself out as an agent, employee, director, shareholer [*sic*], officer, or as holding any other direct relationship with the corporation; (3) from opening and maintaining any accounts in any financial institution on behalf of the corporation; (4) from continuing in his unlawful possession of Plaintiff's automobile; (5) from further diverting funds rightfully due and owing to the Corporation."

and asking (b)

"for a determination by this Court that they, ROBERT L. MILES and SCOTT K. MILES, are the *bona fide* stockholders of Brick Processors, Inc. and the duly elected directors and officers of same; and that the Defendant, RAY E. CULBERTSON, has no interest remaining in Brick Processors, Inc."

Plaintiffs also sought a permanent injunction against defendant's interference with the operations of the plaintiff corporation. The temporary restraining order was granted October 12, 1979.

After making several attempts to serve defendant — including serving the complaint on him in care of his attorney — service was accomplished by publication under Civ. R. 4.4.

Plaintiffs sought — and were granted on February 4, 1980 — a default judgment against defendant because he "failed to plead or otherwise defend"[1] in the action. Plaintiffs were declared the bona fide stockholders of Brick Processors, Inc. and defendant was permanently enjoined "from interferring [*sic*] with the business operations" of Brick Processors.

On June 23, 1980, defendant filed what was styled a "motion to vacate" seeking relief from the default judgment contending that the trial court lacked jurisdiction over the defendant because service by publication was insufficient. The trial court overruled this motion in a judgment entry journalized August 21, 1980. Defendant did not appeal. Instead,

---

[1] Civ. R. 55(A).

defendant filed another motion on October 10, 1980, styled "motion for relief from judgment and for leave to file an answer." Defendant again sought vacation of the default judgment again arguing, but in slightly more detail, that service was insufficient. This motion, too, was overruled. The judgment entry was journalized December 1, 1980.

From this judgment defendant appeals assigning two errors:

### Assignment of Error No. 1

"The Court of Common Pleas, Cuyahoga County, Ohio, erred in denying Defendant's motion for relief from judgment and for leave to file an answer because the conduct of the Plaintiffs and their counsel in obtaining the default judgment constitutes fraud, misrepresentation or other misconduct."

### Assignment of Error No. 2

"The Court of Common Pleas, Cuyahoga County, Ohio, erred in denying Defendant's motion for relief from judgment and for leave to file an answer because Ohio law permits relief from judgment when the only service or notice on the Defendant was by publication."

## II

It is apparent from the papers initiating the first and second motions in this case that the facts alleged to support "fraud" [Assignment of Error No. 1] were available to the defendant at the time he filed his "motion to vacate."[2]

The defendant could have raised the fraud issue on this motion. He did not. Principles of *res judicata* prevent his raising it in a later motion.[3]

## III

Substantially the same issue raised in Assignment of Error No. 2 was considered and disposed on the defendant's first motion to vacate. There was no appeal. Thus, the current motion to vacate is based on the same contention and must also fail because a motion to vacate is not a substitute for appeal, *Bosco* v. *Euclid* (1974), 38 Ohio App. 2d 40, 43-44 [67 O.O.2d 209]. Moreover, the *res judicata* considerations which control the first assignment of error are even more persuasive when applied to an issue specifically raised in contrast to one that could have been.

## IV

The judgment is affirmed.

*Judgment affirmed.*

JACKSON, C.J., and PARRINO, J., concur.

---

[2] This is the equivalent of a motion for relief from judgment under Civ. R. 60(B).

[3] See the principle of *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 182 [39 O.O.2d 189]. *Perry* involved a post-conviction remedy. However, there is no apparent reason for not applying the *res judicata* principle of that case to the present series of motions to vacate.