[Cite as *Bank of New York v. Jackson*, 2013-Ohio-5133.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99874

---

## BANK OF NEW YORK

PLAINTIFF-APPELLEE

vs.

## RYAN JACKSON, ET AL.

DEFENDANTS-APPELLANTS

[Appeal by Richard Lenard]

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Lyndhurst Municipal Court
Case No. 09 CVG 00752

**BEFORE:** Jones, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 21, 2013

**FOR APPELLANT**

Richard Lenard, pro se
6755 Mayfield Road, #422
Mayfield Hts., Ohio 44124


**ATTORNEYS FOR APPELLEE**

John D. Clunk
Ashley E. Mueller
Jason A. Whitacre
The Law Offices of John D. Clunk, Co., L.P.A.
4500 Courthouse Blvd.
Suite 400
Stow, Ohio 44224

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Richard Lenard, pro se, appeals the trial court's denial of his Civ.R. 60(B) "Motion to Vacate Void Judgment." We affirm.

{¶2} On April 28, 2009, plaintiff-appellee, the Bank of New York, filed a complaint for forcible entry and detainer against Ryan Jackson, Herman Hunt, and "John Doe (unknown tenant)." The complaint alleged that in May 2007, the bank had bought a parcel of real property located at 197 Richmond Road, Richmond Heights, as result of a foreclosure on the house. The complaint further alleged that the defendants unlawfully occupied the premises.

{¶3} The trial court held a hearing on May 15, 2009, and no defendants appeared, so the trial court granted judgment in favor of the bank on May 18, 2009.

{¶4} On February 9, 2010, Lenard filed a motion titled "Motion to set aside Writ of Restitution Judgment" pursuant to Civ.R. 60(B), alleging that he was "John Doe," that Jackson purchased the property in 2008 from the Bank of New York, and he was leasing the house from Jackson. On April 9, 2010, Lenard filed a "Motion for Summary Judgment for Relief from Judgment." The bank responded by filing a motion to strike Lenard's motions pursuant to Civ.R. 12(F), arguing that Lenard was not a party to the action and the bank had not been served with a copy of his motions. The trial court granted the bank's motion in a judgment entry dated June 7, 2010.

{¶5} On June 25, 2010, Lenard filed a notice of appeal with this court, which stated that he was appealing the trial court's June 7, 2010 order denying his Civ.R. 60(B) motion. We sua sponte dismissed the appeal for failure to file the record. *Bank of New York v.*

*Ryan Jackson,* 8th Dist. Cuyahoga No. 95345 (Aug. 16, 2010). Lenard filed a motion to reconsider, which this court denied.

{¶6} On August 10, 2011, Lenard filed another motion for relief from judgment pursuant to Civ.R. 60(B), challenging the trial court's original May 18, 2009 order, claiming that Jackson owned the house, Lenard was Jackson's tenant, and the bank had illegally disposed of Lenard's personal property. On August 22, 2011, the trial court denied the motion, finding that his motion was untimely filed and Lenard, who was not an attorney, could not represent the other defendants. Lenard filed a notice of appeal with this court. On November 3, 2011, this court sua sponte dismissed the appeal for failure to file the record. *Bank of New York v. Ryan Jackson,* 8th Dist. Cuyahoga No. 97324.

{¶7} On November 21, 2012, Lenard filed a motion to vacate void judgment pursuant to Civ.R. 60(B), again requesting the trial court vacate its May 18, 2009 judgment. The trial court denied his motion on April 24, 2013.

{¶8} Lenard then filed the instant appeal, raising five assignments of error for our review, set forth in the appendix, which challenge the trial court's May 18, 2009 order granting the forcible entry and detainer.

{¶9} As an initial matter, we clarify that Lenard is the only appellant on this case, even though he listed Ryan Jackson and Herman Hunt on the notice of appeal. Although Lenard, who was incarcerated during the pendency of this case, appeared to be representing all the defendants, as a non-attorney, Lenard may not represent the others.[1]

---

[1] " * * * [E]ach appellant, acting pro se, must be named in the text of the notice of appeal and

{¶10} Next, we are unable to consider the merits of Lenard's claims because they are barred by res judicata. The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated. *Rogers v. Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986). "Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." *Coulson v. Coulson*, 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983), citing *Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478, 442 N.E.2d 1313 (5th Dist.1981), paragraph one of the syllabus. Further, this court has held that where a new motion simply rephrases issues previously raised and where the facts alleged in successive motions were available to the appellant at the time he filed his earlier motion, the principles of res judicata bar the later motion. *D'Agnese v. Holleran*, 8th Dist. Cuyahoga No. 86769, 2006-Ohio-2470, ¶ 6, citing *Bahgat v. Bahgat*, 10th Dist. Franklin No. 83AP-469, 1984 Ohio App. LEXIS 11749 (Dec. 6, 1984).

{¶11} The trial court entered its judgment on May 18, 2009. Lenard did not file a direct appeal from that judgment. Instead, on February 9, 2010, Lenard filed his motion to vacate the judgment pursuant to Civ.R. 60(B). He then filed a motion for summary judgment, requesting the court grant summary judgment on his Civ.R. 60(B) motion. The trial court granted the bank's motion to strike those motions from the record. Lenard

---

personally sign the notice of appeal and appellate briefs. Otherwise, the signing of the notice of appeal by one non-lawyer pro se individual on behalf of another pro se individual would constitute the unauthorized practice of law." (Emphasis deleted.) *Hineman v. Brown*, 11th Dist. Trumbull No. 2002-T-0006, 2003-Ohio-926, ¶ 30 (Grendell, J., concurring).

appealed, but we dismissed his appeal for failure to file the record. He then filed another Civ.R. 60(B) motion on August 10, 2011, challenging the original May 18, 2009 judgment. When the trial court denied his second motion to vacate, Lenard appealed, but we dismissed his appeal again for failure to file the record. He filed a third motion to vacate on November 12, 2012, which the trial court denied, bringing us to the instant appeal.

{¶12} App. R.4(A) requires that a notice of appeal be filed within 30 days of the date of the judgment appealed from. This requirement is jurisdictional and may not be extended by the appellate court. *Ditmars v. Ditmars*, 16 Ohio App.3d 174, 175, 475 N.E.2d 164 (10th Dist.1984). Lenard's successive motions to vacate do not resolve the jurisdictional problem, because res judicata prevents him from reasserting the arguments that were raised or could have been raised in the first motion to vacate.

{¶13} In the instant appeal, Lenard again argues that the trial court should have not granted the original forcible entry and detainer because Jackson had purchased the house from the bank and he had leased the house from Jackson.

{¶14} Although his third Civ.R. 60(B) motion cites different authorities for his arguments, the arguments are the same. Lenard cannot simply rephrase the language of a motion in an effort to start the appeal time anew, nor do we find any merit to the claim that he can now challenge the validity of the trial court's May 2009 judgment. If Lenard wanted to challenge the trial court's original judgment, he could have filed a direct appeal.

{¶15} This court has already previously dismissed two of Lenard's appeals in

regard to the same issue. If Lenard was dissatisfied with this court's dismissals for failure to file the record in his previous appeals, it was incumbent upon Lenard to attempt to perfect those appeals. He did not, and is now barred from another attack on the trial court's judgment.

{¶16} Because Lenard did not directly appeal the trial court's May 18, 2009 judgment, nor successfully perfect an appeal from the trial court's order denying his motion to vacate, this court lacks jurisdiction to entertain his appeal regarding the arguments contained in his third motion to vacate. Simply put, Lenard has previously claimed and is again trying to argue that the trial court's May 2009 judgment is invalid, hoping that by rephrasing his motion he can now seek our further review. He cannot.

{¶17} Accordingly, the judgment of the trial court is affirmed. Further, this court finds no reasonable grounds for this appeal; therefore, the costs will be assessed to the appellant.

It is ordered that appellee recover of appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR

Appendix

Assignments of Error

[I].   The trial court committed reversible error when it found that BONY complied with Civ.R. 3 & Civ.R. 15(D) when BONY did not obtain service on all the defendants because Richard Lenard was listed in the complaint as John Doe (Unknown Tenant).   BONY failed to rebut Richard Lenard's sworn affidavit as it pertained to proper service.

[II].   The trial court entered a void judgment on May 18, 2009 when it awarded BONY the writ of restitution judgment.

[III.] The trial court committed substantial error when it found that BONY had jurisdiction to terminate Richard Lenard's tenancy because BONY was not privy to the lease agreement to bring a three day notice against Richard Lenard.

[IV.] The trial court committed manifest error when it found that BONY had standing to bring a forcible entry and detainer action against the tenant Richard Lenard.   BONY was foreclosed to claim it had a right to immediate possession of the subject property pursuant to R.C. 1923.02.

[V].   The trial court committed manifest error when it found that BONY was the title holder at the time it filed the forcible entry and detainer on April 28, 2009.   BONY failed to state a claim for forcible entry and detainer in this matter.