[Cite as *Wells Fargo Bank v. Perkins*, 2014-Ohio-1459.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Wells Fargo Bank, N.A., | : | |
| Plaintiff-Appellee, | : | No. 13AP-318 |
| | | (C.P.C. No. 09CVE-08-12771) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Marianne F. Perkins et al., | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on February 20, 2014

*Thompson Hine LLP, Scott A. King* and *John B. Kopf,* for appellee.

*Marianne F. Perkins* and *James Perkins,* pro se.

APPEAL from the Franklin County Court of Common Pleas

McCORMAC, J.

{¶ 1} Defendants-appellants, Marianne F. Perkins and James Perkins, husband and wife, appeal from a judgment of the Franklin County Court of Common Pleas denying their motion for relief from a prior judgment in this mortgage foreclosure action brought by plaintiff-appellee, Wells Fargo Bank, N.A.

{¶ 2} This matter is before this court for the third time. Our statement of the case emphasizes the procedural history of the matter in order that we may properly decide the applicability of res judicata.

{¶ 3} In 2003, the Perkins executed a $300,000 note in favor of Integrity Mortgage Corporation. To secure the note, they also executed a mortgage against a residential property known as 4297 Mumford Road, Upper Arlington, Ohio. The note

thereafter traveled a typically complex path of negotiation and assignment. When the Perkins defaulted, Wells Fargo, stating itself to be the holder of the note, filed its complaint in foreclosure. The Perkins filed an answer. Wells Fargo filed a motion for summary judgment, which the Perkins did not oppose. On March 5, 2010, the trial court granted summary judgment in favor of Wells Fargo. No appeal was taken from that judgment.

{¶ 4} Some six months later, on September 20, 2010, the Perkins filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied relief from judgment and this court affirmed on appeal. *Wells Fargo Bank, N.A. v. Perkins*, 10th Dist. No. 10AP-1022, 2011-Ohio-3790. On the heels of our first affirmance, the Perkins filed a second motion for relief from judgment. In this motion, they argued, inter alia, that Wells Fargo lacked standing when it brought its complaint in foreclosure. The trial court denied the Civ.R. 60(B) motion by judgment entry dated September 1, 2011. On December 8, 2011, the Perkins filed their second notice of appeal to this court. On July 16, 2012, we dismissed that appeal for failure to prosecute based upon the Perkins' failure to file an appellants' brief despite numerous extensions of time to do so granted by this court. *Wells Fargo Bank, N.A. v. Perkins*, 10th Dist. No. 11AP-1082 (Journal Entry of Dismissal).

{¶ 5} On March 15, 2013, the Perkins filed their third Civ.R. 60(B) motion in the case, again arguing the lack of standing on the part of Wells Fargo based on defects in the negotiation, transfer, or assignment of the note. The trial court denied the motion on the basis that all issues raised therein had been considered and rejected in prior proceedings. The Perkins have timely appealed and bring the following three assignments of error:

> FIRST ASSIGNMENT OF ERROR: The trial court erred in finding that res judicata applied to the Perkins['] claim of Lack of Standing by incorrectly stating that the trial court thoroughly adjudicated the standing issues and the Appellate Court affirmed.
>
> SECOND ASSIGNMENT OF ERROR: The trial court erred in granting summary judgment to Appellee Wells Fargo Bank, N.A. ("Wells Fargo") because at the time Appellee filed the complaint, Appellee did not have the right to invoke the

jurisdiction of the court and was not entitled to judgment as a matter of law.

THIRD ASSIGNMENT OF ERROR: The trial court erred in finding that the Post-Foreclosure Assignment was not grounds for granting a 60(B) Motion, that it did not affect standing to foreclose, and that the 60(B) Motion was not timely and lacked meritorious defenses.

{¶ 6} Because we find that all three assignments of error are barred by application of the doctrine of res judicata, we address them together.

{¶ 7} " '[A] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.' " *State ex rel. Schneider v. Bd. of Edn. of N. Olmsted City School Dist.*, 39 Ohio St.3d 281, 282 (1988), quoting *Johnson's Island, Inc. v. Bd. of Twp. Trustees of Danbury Twp.*, 69 Ohio St.2d 241, 243 (1982). "Application of the doctrine of res judicata does not depend on whether the original claim explored all possible theories of relief." *Deutsche Bank Natl. Trust Co. v. Pandey*, 10th Dist. No. 10AP-39, 2010-Ohio-3746. " '[R]es judicata prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion.' " *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 8, quoting *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.*, 10th Dist. No. 02AP-281, 2002-Ohio-5908, ¶ 16.

{¶ 8} This is the third Civ.R. 60(B) motion and third appeal filed by the Perkins. Specifically, the Perkins raised standing issues in their second Civ.R. 60(B) motion, failed to prevail, appealed, and failed to prosecute the appeal, which was dismissed. Res judicata is based upon the proposition that issues require some measure of certitude and finality of judgment. The doctrine of res judicata fulfills this essential purpose when applied in this case. We find that the Perkins' Civ.R. 60(B) claims as to standing were properly denied by the trial court.

{¶ 9} In order to avoid the application of res judicata, the Perkins assert that lack of standing equates to a lack of subject-matter jurisdiction in the trial court, which has

resulted in a void judgment. They argue that, being void, it may be challenged not only through a Civ.R. 60(B) motion, but through a common-law motion to vacate the judgment at any time.

{¶ 10} We recognize that a judgment rendered by a court lacking subject-matter jurisdiction is void ab initio, and that authority to vacate such a void judgment derives not from Civ.R. 60(B) but constitutes an inherent power possessed by Ohio courts. *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraphs three and four of the syllabus. As such, a judgment issued by a court lacking subject-matter jurisdiction is a nullity. *Id.* at 71. *See also Accord Freedom Mtge. Corp. v. Mullins*, 10th Dist. No. 08AP-761, 2009-Ohio-4482, ¶ 19. This case, however, does not involve a lack of subject-matter jurisdiction, and the vulnerabilities to which the Perkins refer are not applicable.

{¶ 11} The Perkins rely on the recent Supreme Court of Ohio case of *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. That case involved facts in which the foreclosure plaintiff was not a holder of the note at the time the complaint was filed, and therefore lacked standing. The Supreme Court held that the plaintiff's standing to bring an action in foreclosure is a jurisdictional matter that must be determined at the time of the filing of the complaint and may not be remedied through substitution of a real party-in-interest thereafter. If the plaintiff lacks standing at the time of the filing of the complaint, the matter should be dismissed without prejudice. *Id.* at ¶ 40.

{¶ 12} *Schwartzwald*, however, did not implicate res judicata because the debtors in that case asserted their standing arguments from the outset of the case and in the subsequent direct appeals rather than wait until after the trial court had rendered judgment. More to the point, this court has specifically concluded that *Schwartzwald* does not stand for the proposition that a court of common pleas lacks *subject-matter* jurisdiction over a foreclosure action where the plaintiff lacks standing at the time the complaint is filed. In *Deutsche Bank Natl. Trust Co. v Finney*, 10th Dist. No. 13AP-198, 2013-Ohio-4884, we expressly held that "[a] lack of standing does not deprive a court of subject-matter jurisdiction" in a mortgage foreclosure action. *Id.* at ¶ 21, quoting *Deutsche Bank Natl. Trust Co. v. Whiteman,* 10th Dist. No. 12AP-536, 2013-Ohio-1636, ¶ 21; *see also PNC Bank, N.A. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383.

> The term "jurisdiction" is also used when referring to a court's exercise of its jurisdiction over a particular case. See State v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 20 (Cook, J., dissenting); State v. Swiger (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. " 'The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.' " Parker at ¶ 22 (Cook, J., dissenting), quoting Swinger, 125 Ohio App.3d at 462, 708 N.E.2d 1033.

*Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12.

{¶ 13} Assuming, solely for purposes of discussion, that there is some defect in the bank's standing in this case, we are not confronted with the question of whether a *void* judgment can be protected from subsequent collateral attack through application of the doctrine of res judicata. We face instead the simpler question of whether a *voidable* judgment may be collaterally, repeatedly, and duplicatively attacked without limitation. It may not. The Perkins have brought their challenge to the bank's standing, seen that argument fail, and cannot claim a right to endless bites upon the same apple. *Schwartzwald* does not prohibit application of the doctrine of res judicata in this case as that issue has been decided as was determined in *Finney*.

{¶ 14} In accordance with the foregoing, the Perkins three assignments are overruled and the judgment of the Franklin County Court of Common Pleas denying their motion for relief from judgment is affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under Ohio Constitution, Article IV, Section 6(C).

_____