[Cite as *Bank of New York Mellon v. Hutchins*, 2014-Ohio-2765.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100435**

# BANK OF NEW YORK MELLON

PLAINTIFF-APPELLEE

vs.

# EDDIE HUTCHINS, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-703398

**BEFORE:** Stewart, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 26, 2014

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., L.P.A.
4600 Prospect Avenue
Cleveland, OH    44103


**ATTORNEYS FOR APPELLEE**

James L. Sassano
Eric T. Deighton
Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.
24755 Chagrin Boulevard, Suite 200
Cleveland, OH    44122

MELODY J. STEWART, J.:

**{¶1}** Defendant-appellant Eddie Hutchins appeals the trial court's denial of his motion to vacate judgment in a foreclosure action. In two assigned errors, Hutchins argues that the trial court erred when it failed to grant his emergency motion to vacate void judgment on the basis that it was untimely and, secondly, that plaintiff-appellee bank lacked standing to sue because it failed to plead and prove compliance with certain conditions precedent. We affirm the decision of the trial court.

**{¶2}** Bank of New York Mellon commenced a foreclosure action against Hutchins on September 8, 2009, after Hutchins defaulted on a promissory note and mortgage that secured the note. Hutchins filed, pro se, an answer containing a general denial of the allegations and a motion to dismiss the action with prejudice. The trial court denied the motion to dismiss. Hutchins filed subsequent motions for dismissal and for summary judgment on the basis of lack of standing, claiming that the bank had not produced any documentation demonstrating that it was the owner and holder of the note at the time the complaint was filed. The trial court likewise denied these motions. The bank moved for summary judgment in April 2010 that was opposed by Hutchins. The magistrate granted the motion, and the trial court adopted the magistrate's decision in June 2010. Hutchins did not appeal this decision. Instead, Hutchins filed an action in federal court contesting the bank's jurisdiction. This action was dismissed in August 2010.

{¶3} After filing various pro se motions contesting the bank's standing, Hutchins, through newly retained counsel, filed in June 2013 an emergency Civ.R. 60(B) motion to vacate void judgment on jurisdictional grounds. The trial court denied the motion as untimely. It is from this order Hutchins appeals.

{¶4} Pursuant to Civ.R. 60(B), a movant must demonstrate three factors in order to obtain relief from judgment: (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶5} We review a trial court's decision to deny or grant a Civ.R. 60(B) motion for an abuse of discretion. *Wash. Mut. Bank v. Novak*, 8th Dist. Cuyahoga No. 88121, 2007-Ohio-996, _ 12, citing *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶6} In this case, we need not review whether the trial court abused its discretion in denying Hutchins's motion to vacate. Res judicata bars our consideration of his assigned errors.

**{¶7}** Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated. *Bank of New York v. Jackson*, 8th Dist. Cuyahoga No. 99874, 2013-Ohio-5133, _ 10, citing *Rogers v. Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986). "Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." *Coulson v. Coulson*, 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983). *See Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478, 442 N.E.2d 1313 (5th Dist.1981), paragraph one of the syllabus.

**{¶8}** In its motion for summary judgment that the trial court granted in June 2010, the bank attached a supporting affidavit that averred the following:

1.  The note and mortgage attached to Plaintiff's Complaint are true copies of the original note and mortgage executed by the Defendant.

2.  The Defendant is in default of payment of said note; and

3.  There is an acceleration provision in Plaintiff's note and Plaintiff has exercised said provision and called the entire unpaid principal balance with interest immediately due and payable.

Hutchins did not appeal the trial court's grant of summary judgment in favor of the bank. As previously noted, he did, however, file various motions with the trial court that challenged the bank's standing and the trial court's jurisdiction, and also requested that the court stay the foreclosure action. These motions were denied and Hutchins filed no appeal. Res judicata, therefore, bars Hutchins from using this appeal to attack the trial court's final judgment in the underlying case.

**{¶9}** *Wells Fargo Bank, N.A. v. Perkins*, 10th Dist. Franklin No. 13AP-318, 2014-Ohio-1459, presents a fact pattern similar to this case. In *Perkins*, the property owner, like Hutchins, failed to file a direct appeal after the trial court granted summary judgment in favor of the bank. Perkins instead filed multiple motions for relief from judgment pursuant to Civ.R. 60(B). Each time the trial court denied these motions, Perkins appealed the denial. In his third appeal, Perkins argued that the trial court erroneously denied his motion where the bank's lack of standing equated to a lack of subject matter jurisdiction. Perkins had made this same argument in his second Civ.R. 60(B) motion, which also had been denied by the trial court. Perkins, like Hutchins, cited *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, to support his argument that in a foreclosure action where the bank lacks standing, the court lacks subject matter jurisdiction and any judgment rendered by the court is void. The Tenth District, however, rejected this argument and affirmed the decision of the trial court holding that Perkins's reliance on *Schwartzwald* was misplaced. The court stated:

> *Schwartzwald* does not stand for the proposition that a court of common pleas lacks subject-matter jurisdiction over a foreclosure action where the plaintiff lacks standing at the time the complaint is filed. * * * "[a] lack of standing does not deprive a court of subject-matter jurisdiction" in a mortgage foreclosure action. (Citation omitted.) *Id*. at _ 12.

The court went on to state that even if there was a defect in the bank's standing, this would only result in the court's judgment being voidable — not void. *Id*. at _ 13. A voidable judgment may not be "collaterally, repeatedly, and duplicatively attacked

without limitation" and *"Schwartzwald* does not prohibit application of the doctrine of res judicata." *Id*.

**{¶10}** We find this case analogous to *Perkins*. Any issues relating to the bank's standing to file the complaint did not deprive the court of subject matter jurisdiction and res judicata bars these claims where the issue was previously litigated in the trial court and not appealed. Since Hutchins failed to file a direct appeal, he cannot now assert these claims again in the form of a Civ.R. 60(B) motion. A Civ.R. 60(B) motion cannot be used as a substitute for a timely filed appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus.

**{¶11}** Lastly, Hutchins has waived the arguments concerning the bank's alleged failure to satisfy conditions precedent to the foreclosure action because he failed to assert these claims during the pleadings stage when he answered the complaint. "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." Civ.R. 9(C).

**{¶12}** In paragraph three of its complaint, the bank stated "it has performed all of the conditions required to be performed by it." While Hutchins's answer contained general denials of the allegations to the bank's complaint, he made no specific mention of which conditions  precedent the bank failed to satisfy. He has therefore failed to comply with Civ.R. 9(C).

**{¶13}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR
100435
KEY WORDS AND SUMMARY

Mortgage; note; standing, res judicata; Civ.R. 60(B); appeal; jurisdiction. Res judicata bars appellant's claims where issue of standing was litigated and adjudicated by the trial court prior to granting summary judgment in favor of bank. A Civ.R. 60(B) motion cannot be used as a substitute for an appeal.