[Cite as *Lukanec v. Servi-Temp*, 2015-Ohio-3956.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DANIEL LUKANEC, et al. | ) | |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | CASE NO. 13 MA 95 |
| v. | ) | |
| | ) | OPINION |
| SERVI-TEMP HEATING & COOLING, INC, et al. | ) | |
| | ) | |
| | ) | |
| DEFENDANTS-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 2006 CV 4616

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiffs-Appellees       Frederick S. Coombs, III
                               Harrington, Hoppe & Mitchell, Ltd.
                               26 Market Street, Suite 1200
                               P.O. Box 6077
                               Youngstown, Ohio 44503

For Defendant-Appellant        David Engler, Esq.
                               Engler Law Firm
                               839 Southwestern Run
                               Youngstown, Ohio 44514

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

                               Dated: September 23, 2015

DeGENARO, J.

{¶1} Defendant-Appellant, Joel Beardman, appeals the May 22, 2013 judgment of the Mahoning County Court of Common Pleas denying his third motion for relief from judgment. Beardman's appeal fails for two reasons. First, a motion pursuant to Civ.R. 60(B) cannot be used as a substitute for an appeal. Second, arguments that could have been raised but were not in prior proceedings are barred from merit consideration in subsequent proceedings by the doctrine of res judicata. Accordingly, the judgment of the trial court is affirmed.

{¶2} On December 1, 2006, Daniel and Joy Lukanec filed a complaint against Servi-Temp Heating and Cooling, Inc., Joel Beardman and Joyce Beardman alleging violations of the Federal Fair Labor Standards Act, which the defendants answered.

{¶3} On April 27, 2009, the day before trial, Defendant Servi-Temp Heating & Cooling, Inc. filed for bankruptcy, triggering an automatic stay of the proceedings as to Servi-Temp. Beardman did not file for bankruptcy on that date. The case proceeded to trial on the next day as scheduled, but neither Beardman nor his attorney appeared.

{¶4} On April 28, 2009, the trial court entered judgment in favor of the Lukanecs, finding that Beardman was an employer as defined under the Fair Labor Standards Act and that he failed to pay overtime compensation to the Lukanecs. No appeal was filed from this judgment.

{¶5} Approximately a year later, Beardman filed his first motion to vacate judgment pursuant to Civil Rule 60(B) arguing that the transcript of the proceedings did not contain evidence to support the judgment of the trial court. The trial court denied the motion on June 29, 2010, and no appeal was filed. Over three years after judgment had been entered, Beardman filed his second motion to vacate on August 7, 2012, arguing as in his first Civ.R. 60(B) motion that the trial court made findings that were not supported by the testimony. The trial court denied this second post-judgment motion on October 25, 2012, and again, no appeal was taken.

{¶6} On February 13, 2013, Beardman filed his third motion for relief from

judgment reiterating the same arguments in the two prior motions, including the argument that "[w]ithout a prior judgment against the corporate Defendant, there is absolutely no evidence to support the judgment against Beardman." This motion was overruled on May 22, 2013, giving rise to the instant appeal.

{¶7} In his two assignments of error, Beardman asserts:

Beardman is Entitled to Relief From the Judgment Against him Because the Trial Court Improperly Predicated that Judgment Against him on the Preclusive Effect of a Previous Ruling that was Void Ab Initio, Thereby Making the Judgment Against Beardman Void as Well.

The Specific Circumstances of This Case Justify Granting Beardman Relief From Judgment Pursuant to Civil Rule 60(B)(5).

{¶8} We are precluded by the doctrine of res judicata from considering the merits of this appeal.

'Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated.' *Bank of New York v. Jackson,* 8th Dist. Cuyahoga No. 99874, 2013-Ohio-5133,—10, citing *Roger v. Whitehall,* 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986). 'Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally.' *Coulson v. Coulson,* 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983). *See Brick Processors, Inc. v. Culbertson,* 2 Ohio App.3d 478, 442 N.E.2d 1313 (5th Dist.1981), paragraph one of the syllabus.

*Bank of New York v. Hutchins,* 8th Dist. No. 100435, 2014-Ohio-2765, ¶ 7.

{¶9} Beardman had the opportunity to appeal the April 2009 decision and did not. Instead, Beardman challenged the judgment by filing successive Civ.R. 60(B) motions raising the same arguments that should have been raised in a direct

appeal. "When a party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ. R. 60(B) is not available as a substitute for appeal." *Guadalupe v. Minadeo,* 8th Dist. No. 98077, 2012-Ohio-5071, ¶ 8 (internal citation omitted).

{¶10} Beardman attempts to circumvent the appellate rules and persuade us to address the merits of his arguments by masking them as a challenge to the trial court's authority to enter judgment against him. Specifically, and without citing any authority to support his argument, Beardman contends that in light of the bankruptcy stay as to Servi-Temp, this somehow divested the trial court of personal jurisdiction over him; as a result, the judgment against him personally is void. Beardman further reasons that a void judgment can be challenged at any time. He is mistaken.

{¶11} Beardman had not filed for bankruptcy protection as of the date of trial, only Servi-Temp did; the latter's bankruptcy stay has no effect on the case proceeding against Beardman. "The automatic stay provisions only extend to the debtor filing bankruptcy proceedings and not to non-bankrupt codefendants." *Miller v. Sun Castle Ents., Inc.,* 11th Dist. No.2007-T-0054, 2008–Ohio–4669, at ¶ 28. (internal citations omitted)

{¶12} Not until the denial of the third Civ.R. 60(B) motion did Beardman file the present appeal. Res judicata prevents relief on not only his original motion, but successive, similar motions which raise arguments which should have been raised in a direct appeal from the April 2009 judgment. Accordingly, merit determination of this appeal is barred by res judicata, and the judgment of the trial court is affirmed.

Donofrio, J., concurs
Robb, J., concurs