[Cite as *State v. Chavis*, 2015-Ohio-5549.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-557 |
| | | (C.P.C. No. 00CR-6605) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jeremy L. Chavis, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 31, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

*Jeremy L. Chavis*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jeremy L. Chavis, pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his "Motion to Vacate a Void Judgment." For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On November 27, 2001, the trial court entered judgment against Chavis finding him guilty, pursuant to jury verdict, of two counts of aggravated murder, both with specifications, for the shooting deaths of Shannon Hawk and James Reynolds. The trial court sentenced Chavis to 30 years to life imprisonment on each count, to be served consecutively, plus an additional three years imprisonment for the firearm specification. Chavis appealed his convictions, and this court affirmed. *State v. Chavis*, 10th Dist. No. 01AP-1456, 2003-Ohio-512 ("*Chavis I*").

{¶ 3}   On March 26, 2008, Chavis filed a purported Civ.R. 60(B) motion to vacate the judgment of his conviction, asserting various challenges to his sentence under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.  The trial court construed Chavis's motion as a petition for postconviction relief pursuant to R.C. 2953.21 and denied his petition in an April 22, 2008 decision and entry.  Chavis appealed the trial court's denial of his petition but never filed an appellate brief with this court despite receiving two extensions of time to file.  This court sua sponte dismissed his appeal for failure to file a brief.  *State v. Chavis*, 10th Dist. No. 08AP-435 (Sept. 18, 2008) (journal entry of dismissal) ("*Chavis II*").

{¶ 4}   More than 11 years after this court issued its decision in his direct appeal, Chavis filed with this court, on April 1, 2014, a motion for delayed reconsideration instanter and a contemporaneous motion for reconsideration of this court's decision in *Chavis I*.  Chavis argued for the first time in his motion for reconsideration that he had been a juvenile at the time of the commission of the crimes and the common pleas court improperly exercised jurisdiction over the matter without a transfer of jurisdiction from the juvenile court.  In an April 22, 2014 memorandum decision, this court denied Chavis's motion for delayed reconsideration instanter, rendering moot his motion for reconsideration.  *State v. Chavis*, 10th Dist. No. 08AP-435 (Apr. 22, 2014) (memorandum decision) ("*Chavis III*").

{¶ 5}   On May 20, 2014, Chavis filed with the trial court a "Motion to Vacate a Void Judgment," arguing that the trial court lacked subject-matter jurisdiction over his case because the juvenile court did not first follow the bindover procedures contained in former R.C. 2151.26.  Chavis postured his motion as a successive petition for postconviction relief, and he argued that because he was only 16 years old at the time of the commission of the offenses but the state indicted and tried him as an adult, the common pleas court's exercise of subject-matter jurisdiction was contrary to former R.C. 2151.26(E).  In a May 23, 2014 entry, the trial court denied Chavis's successive postconviction petition as both untimely and barred by res judicata.  Chavis timely appeals.

## II.  Assignments of Error

{¶ 6}   Chavis assigns the following errors for our review:

[1.] The trial court erred when it dismissed [Chavis's] Motion to Vacate a Void Judgment based upon the trial court's lack of subject matter jurisdiction where the underlying alleged offense was committed when [Chavis] was Sixteen years of age and the prosecution did not begin until [Chavis] was Twenty-one years of age without benefit of a bind over hearing in the juvenile court as required by Ohio law.

[2.] Application of the 1997 statutes, R.C. 2151.26 and 2151.011(B)(6), violated the Retroactivity Clause of the Ohio Constitution. Though 21 years old at the time of the indictment, Chavis contends that he had a right to juvenile treatment under the law as it existed at the time of the offense in 1996. He insists that the amended statutes are unconstitutionally retroactive as applied to his situation because, without benefit of those statutes, the common pleas court lacked jurisdiction to try him as an adult unless there had first been a bind over proceeding in the juvenile court.

## III. Standard of Review and Applicable Law

{¶ 7}   " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.  Further, we review a trial court's decision to deny a postconviction petition without a hearing under an abuse of discretion standard.  *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14.   An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable.  *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8}   As a general matter, a petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment.  *Sidibeh* at ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994).  A petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *Id.*, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).  Thus, a postconviction petition does

not provide a petitioner a second opportunity to litigate his or her conviction. *Id.*, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 23. Instead, R.C. 2953.21 affords a petitioner postconviction relief " 'only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.' " *Id.*, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus.

{¶ 9} A trial court may not entertain a second postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 10} The doctrine of res judicata places another significant restriction on the availability of postconviction relief. *Sidibeh* at ¶ 12. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.' " (Emphasis deleted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *Perry* at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *Hessler* at ¶ 27.

{¶ 11} Further, a petitioner is not automatically entitled to an evidentiary hearing on a postconviction petition. *Sidibeh* at ¶ 13, citing *State v. Jackson*, 64 Ohio St.2d 107, 110-13 (1980). To warrant an evidentiary hearing, the petitioner bears the initial burden of providing evidence demonstrating a cognizable claim of constitutional error. *Id.*, citing R.C. 2953.21(C); *Hessler* at ¶ 33. The trial court may deny the petitioner's postconviction petition without an evidentiary hearing "if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to

establish substantive grounds for relief." *Sidibeh* at ¶ 13, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

## IV. First and Second Assignments of Error – Petition for Postconviction Relief

{¶ 12} Chavis's first and second assignments of error are interrelated, and we address them jointly. Taken together, they assert the trial court erred in denying Chavis's motion to vacate a void judgment.

{¶ 13} In his first assignment of error, Chavis argues the trial court erred in denying his motion to vacate a void judgment. We agree with the parties and the trial court in their construing Chavis's motion as a successive petition for postconviction relief. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12 (noting "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged").

{¶ 14} As we outlined above, there are certain limits to a second petition for postconviction relief. R.C. 2953.23(A). A trial court lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless the petitioner establishes that one of the exceptions in R.C. 2953.23(A) applies. *State v. Campbell*, 10th Dist. No. 12AP-109, 2012-Ohio-5195, ¶ 9. As applicable here, a trial court may not entertain a second postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 15} Here, Chavis does not assert that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation. Therefore, the court "may not entertain" Chavis's second postconviction petition unless he demonstrates (1) that he was unavoidably prevented from discovering the facts necessary for his claim for relief, and (2) that but for a constitutional error, no reasonable factfinder would have found him guilty.

{¶ 16} In denying Chavis's second postconviction petition, the trial court noted that Chavis did not explain "why it took him eleven years to determine he was allegedly only sixteen years old at the time of the offenses." (May 23, 2014 Entry.) The trial court also concluded that because Chavis did not raise this argument during his direct appeal, res judicata operated to bar the argument.

{¶ 17} We agree with the trial court that Chavis does not adequately explain why it took him so long to determine that being a juvenile at the time of the offenses was a potential factual basis for relief. Thus, it seems Chavis failed to demonstrate that he was unavoidably prevented from discovering the facts necessary for his claim for relief. This conclusion, however, does not end our analysis, as Chavis asserts the judgment against him was void ab initio for lack of subject-matter jurisdiction. "Because subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *State v. Smith*, 10th Dist. No. 06AP-1059, 2007-Ohio-2873, ¶ 9, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Thus, if Chavis is correct that the trial court lacked subject-matter jurisdiction over his initial conviction, his failure to properly invoke the trial court's jurisdiction to hear his successive postconviction petition does not bar this court from reviewing his jurisdictional argument at this time. *See, e.g., Wells Fargo Bank, N.A. v. Perkins*, 10th Dist. No. 13AP-318, 2014-Ohio-1459, ¶ 10 (noting a judgment rendered by a court lacking subject-matter jurisdiction is void ab initio, and Ohio courts possess the inherent authority to vacate a void judgment at any time), citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraphs three and four of the syllabus.

{¶ 18} The state indicted Chavis on November 16, 2000. The offenses occurred, however, on or about June 26, 1996. Chavis averred in the affidavit accompanying his motion to vacate a void judgment that his date of birth is August 6, 1979, meaning he was only 16 years old at the time of the commission of the offenses but 21 years old at the time of the indictment. Chavis argues that because he was a juvenile at the time of the commission of the offenses, the common pleas court could not have subject-matter jurisdiction over the matter until the juvenile court conducted the bindover procedure outlined in former R.C. 2151.26.

{¶ 19} Former R.C. 2151.26(E), in effect when the state indicted Chavis in 2000 and when the trial court tried, convicted, and sentenced him, provided in part: "[n]o person, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen years of age, unless the person has been transferred as provided in * * * this section."  Relying on former R.C. 2151.26(E), Chavis asserts that because he was never subject to a bindover procedure in juvenile court, the judgment rendered against him in the common pleas court is void.  *See State v. Wilson*, 73 Ohio St.3d 40 (1995), paragraphs one and two of the syllabus (holding "[a]bsent a proper bindover procedure pursuant to [former] R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent," and "[t]he exclusive subject matter jurisdiction of the juvenile court cannot be waived").

{¶ 20} Chavis's argument, however, ignores R.C. 2151.23, in effect at the time of his indictment, trial, and conviction.  In pertinent part, R.C. 2151.23(I) provides:

> If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act.  In those circumstances * * * the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act.

Thus, the General Assembly "declared the juvenile court's lack of jurisdiction over a person 21 years of age who is apprehended for an offense committed prior to the person's 18th birthday."  *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 14.  Chavis was not apprehended until after he had attained 21 years of age.  Given the plain language of R.C. 2151.23(I), we do not agree with Chavis that the common pleas court lacked subject-matter jurisdiction over his conviction.

{¶ 21} Despite the plain language of R.C. 2151.23(I), Chavis nonetheless argues in his second assignment of error that the judgment of conviction rendered against him is

void because R.C. 2151.23(I) is unconstitutionally retroactive. The General Assembly enacted R.C. 2151.23(I) as part of a series of amendments to the juvenile statutes in 1997, but Chavis contends he is entitled to juvenile treatment under the law as it existed at the time of the offense in 1996. Chavis did not challenge the constitutionality of R.C. 2151.23(I) in the trial court, and he arguably waives this argument for purposes of appeal. *State v. Golden*, 10th Dist. No. 13AP-927, 2014-Ohio-2148, ¶ 11 (noting "[f]ailure to raise the issue of the constitutionality of a statute or its application at the trial court level generally constitutes waiver of that issue and need not be heard for the first time on appeal"), citing *State v. Adams*, 10th Dist. No. 12AP-83, 2012-Ohio-5088, ¶ 43. However, because the constitutionality of R.C. 2151.23(I) goes to Chavis's jurisdictional argument, we will address it.

{¶ 22} The Supreme Court of Ohio has established a two-part test for determining unconstitutional retroactivity. *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, ¶ 14, citing *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100 (1988), paragraphs one and two of the syllabus. First, the court must determine whether the General Assembly expressly intended that the statute apply retroactively. *Id.* at ¶ 14. If so, the second part of the test asks whether the statute is "substantive, rendering it *unconstitutionally* retroactive, as opposed to merely remedial." (Emphasis sic.) *Bielat v. Bielat*, 87 Ohio St.3d 350, 353 (2000), citing *State v. Cook*, 83 Ohio St.3d 404, 410-11.

{¶ 23} "Because R.C. 1.48 establishes a presumption that statutes operate prospectively only, '[t]he issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply.' " *Cosby v. Franklin Cty. Dept. of Job & Family Servs.*, 10th Dist. No. 07AP-41, 2007-Ohio-6641, ¶ 16, quoting *Van Fossen* at paragraph one of the syllabus. Courts must construe statutes as applying prospectively only unless there is a "clear pronouncement by the General Assembly that the statute applies retroactively." *LaSalle* at ¶ 14. A mere suggestion that the statute applies retroactively is insufficient to overcome the presumption of prospective application. *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, ¶ 13.

{¶ 24} The Supreme Court has previously considered whether R.C. 2151.23(I) is unconstitutionally retroactive. In *Walls*, the Supreme Court found "an express legislative

intent that the juvenile statutes apply retroactively." *Walls* at ¶ 14. However, the Supreme Court rejected the argument that R.C. 2151.23(I) was a substantive change because it conferred jurisdiction where it was previously lacking, noting that " '[a]pplication of a new jurisdictional rule usually "takes away no substantive right but simply changes the tribunal that is to hear the case." ' " *Id.* at ¶ 18, quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994), quoting *Hallowell v. Commons*, 239 U.S. 506, 508 (1916). Thus, the Supreme Court held in *Walls* that applying the version of R.C. 2151.23(I) in effect at the time the state commenced criminal proceedings did not impair substantive rights within the meaning of unconstitutional retroactivity. *Id.* at ¶ 19.

{¶ 25} Chavis also asserts that application of the 1997 amendments to the juvenile statutes are unconstitutional as applied to him because, when retroactively applied, they constitute ex post facto laws prohibited by the United States Constitution, Article I, Section 10. "[T]he Ex Post Facto Clause applies only to criminal statutes." *Cook* at 415. It "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.' " *California Dept. of Corr. v. Morales*, 514 U.S. 499, 504 (1995), quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990), citing *Calder v. Bull*, 3 U.S. 386, 390 (1798). Chavis argues application of the amended juvenile statutes to his case invoke the third *Calder* factor, which prohibits as ex post facto any law that inflicts a greater punishment for a crime than the law in effect at the time of the commission of the crime. *See Walls* at ¶ 22, citing *Calder*. Chavis argues the former versions of the juvenile statutes would have provided him the possibility of remaining in the juvenile system where the potential punishments are not as severe as those imposed in the general division of the common pleas court.

{¶ 26} Again, however, the Supreme Court has considered and rejected this argument. The defendant in *Walls*, like Chavis, had been charged as an adult with aggravated murder for conduct that occurred when he was under the age of 18 but was not apprehended or indicted until after attaining the age of 21. As the Supreme Court stated, "[w]hile Walls perhaps remained eligible for retention within the jurisdiction of the juvenile court under a technical reading of the old statutes, the practical reality is that Walls had virtually no chance of being kept in the juvenile system." *Id.* at ¶ 31. "Any bindover hearing under the [former] statute would have been simply a procedural step in

the process of transferring Walls for prosecution as an adult," especially "for an offense as serious as aggravated murder." *Id.* at ¶ 41. Thus, the Supreme Court concluded "application of the amended statutes did not increase his available punishment in any manner other than a speculative and attenuated one. Such a change in the measure of punishment is not enough to constitute an ex post facto violation." *Id.*

{¶ 27} Thus, in accordance with the Supreme Court's decision in *Walls*, we hold that application of the 1997 amendment to R.C. 2151.23(I) to Chavis did not violate the Ex Post Facto Clause. *Id.* at ¶ 49. Chavis is unable to demonstrate that the application of the 1997 amendments to the juvenile statutes increased his available punishment in anything other than a speculative and attenuated manner, which is not enough to render a law in violation of the Ex Post Facto Clause. *Id.* Chavis's challenge to the constitutionality of R.C. 2151.23(I) therefore fails, and Chavis does not demonstrate that the common pleas court lacked subject-matter jurisdiction over the criminal proceedings against him, rendering the judgment against him void ab initio. We conclude, therefore, that the trial court did not abuse its discretion in denying Chavis's successive petition for postconviction relief. Accordingly, we overrule Chavis's first and second assignments of error.

## V.  Disposition

{¶ 28} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Chavis's successive petition for postconviction relief, and the judgment of his conviction was not void ab initio for lack of subject-matter jurisdiction. Having overruled Chavis's two assignments of error, we affirm the decision and entry of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.